J-S33036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD CUNNINGHAM | : | |
| | : | |
| Appellant | : | No. 1334 WDA 2022 |

Appeal from the PCRA Order Entered October 12, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015297-2006

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED: October 17, 2023**

Richard Cunningham appeals from the October 12, 2022 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  After careful review, we affirm.

The relevant facts and lengthy procedural history of this case were summarized by a prior panel of this Court as follows:

> On the evening of February 19, 2005, Kevilin Middleton hosted a birthday party for T.C. Lyerly. Toward the end of the party, Mr. Middleton made arrangements for exotic dancers to come to his residence and perform in exchange for two hundred dollars ($200).  The exotic dancers, Angel Potter and Helen McCorkle, arrived at Mr. Middleton's residence along with Geneva Burrell.  At this time, Mr. Middleton, Mr. Lyerly, and Chaoe Davis were the only

---

[*] Former Justice specially assigned to the Superior Court.

people still at the party. Before the dancers' performance, however Mr. Middleton insulted Ms. Potter's appearance and refused to provide payment. Mr. Middleton, Ms. Potter, and Ms. Burrell began to argue. The argument escalated, and Ms. Potter reached into Mr. Middleton's pocket and removed money. Ms. Burrell advised Ms. Potter to return the money, and Ms. Potter eventually complied. Shortly thereafter, Ms. Potter and Ms. Burrell telephoned [Appellant] and his co-defendants to come to Mr. Middleton's home and help secure payment.

Approximately thirty (30) minutes later, a van arrived at Mr. Middleton's house. [Appellant], Alfon Brown, Ramone Coto, and Eric Surratt exited the van and approached the residence. The men carried guns, and [Appellant] wore a hooded sweatshirt and ski mask. Upon their arrival, at least three (3) of the men entered Mr. Middleton's house without permission and demanded payment for the dancers. Before Mr. Middleton had an opportunity to comply, the men began firing at Mr. Middleton, Mr. Lyerly, and Mr. Davis. Mr. Lyerly and Mr. Davis died instantly. Mr. Middleton sustained critical injuries from the gunshots.

. . . .

On June 18, 2007, [Appellant] proceeded to a bench trial. The court tried [Appellant] and his co-defendants jointly.

. . . .

Following numerous continuances, the court scheduled closing arguments for February 8, 2008. After the defense rested its case, however, [Appellant's] counsel became seriously ill and died. Consequently, the court appointed replacement counsel to represent [Appellant]. On February 8, 2008, replacement counsel appeared before the court and explained that he was unprepared to proceed. As a result, the court rescheduled [Appellant's] closing argument for July 7, 2008, giving replacement

- 2 -

counsel five (5) months to consult with [Appellant], review the file, and prepare to close for the defense.

On July 7, 2008, replacement counsel delivered closing argument. Subsequently, the court found [Appellant] guilty of two (2) counts of second degree murder and one (1) count each of burglary and criminal conspiracy.[fn]  On September 22, 2008, the court sentenced [Appellant] to concurrent terms of life imprisonment for his second degree murder convictions.  The court also imposed concurrent terms of thirty (30) to sixty (60) months' imprisonment for his burglary conviction and eighteen (18) to thirty-six (36) months' imprisonment for his conspiracy conviction.  On October 2, 2008, [Appellant] timely filed a post-sentence motion, which the court denied on December 9, 2008. [Appellant] did not pursue a direct appeal with [this Court].

On April 6, 2009, [Appellant] timely filed a **pro se** petition pursuant to [the PCRA].  Thereafter, the PCRA court appointed counsel.  On July 8, 2009, counsel filed an amended PCRA petition, requesting reinstatement of [Appellant's]] appellate rights **nunc pro tunc**. On August 20, 2009, the PCRA court granted the requested relief.

On September 18, 2009 [Appellant] timely filed his notice of appeal.

This Court affirmed Appellant's judgment of sentence in part, but vacated the thirty to sixty month sentence for burglary.  The panel held that the sentencing court erred in imposing a separate sentence for burglary because that conviction was the predicate felony for the felony murder conviction.  Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, but the petition was denied on March 30, 2011. [**Commonwealth v. Cunningham**, 6 A.3d 579 (Pa.Super. 2010), **appeal denied**, 20 A.3d 484 (Pa. 2011).]

On December 27, 2011, Appellant timely filed a **pro se** PCRA petition. Counsel was appointed, and she

- 3 -

filed an amended PCRA petition on June 11, 2012. On August 21, 2012, [Appellant] filed a ***pro se*** motion seeking to terminate PCRA counsel's representation. On August 29, 2012, Cunningham filed a ***pro se*** motion to amend the PCRA petition to add new claims. On September 24, 2012, PCRA counsel filed a motion for a ***Grazier***[fn] hearing to determine whether [Appellant] knowingly and voluntarily wished to proceed ***pro se***. On October 12, 2012, PCRA counsel filed a supplement to the amended PCRA petition, raising three additional claims that [Appellant] included in his motion to amend.

On April 25, 2013, the PCRA court held a hearing on the PCRA petition. … Following the hearing, on May 20, 2013, the PCRA court granted [Appellant's] motion to appoint a fingerprint expert. . . .

**. . . .**

On November 7, 2013, the PCRA court denied [Appellant's] petition. On November 15, 2013, [Appellant filed a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b). On December 17, 2013, the trial court filed its Pa.R.A.P.1925(a) opinion. On January 30, 2014, PCRA counsel filed a petition to withdraw as counsel.

---

[fn] 18 Pa.C.S.A. §§ 2502(b), 3502(a), and 903(a), respectively.

[fn] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

***Commonwealth v. Cunningham***, 108 A.3d 102 (Pa.Super. 2014) (unpublished memorandum at *1–3) (some internal citations omitted; some bracketed content amended), ***appeal denied***, 109 A.3d 678 (Pa. 2015).

On October 3, 2014, a panel of this Court granted PCRA counsel's petition to withdraw and affirmed the PCRA court's November 7, 2013 order. Our Supreme Court denied Appellant's petition for allowance of appeal on February 11, 2015. **See id.** Appellant did not file a petition for writ of **certiorari** with the United States Supreme Court.

On June 18, 2019, Appellant filed the instant **pro se** PCRA petition. Therein, Appellant acknowledged that his petition was untimely but argued that the following comments from co-defendant Eric Surratt at his December 6, 2017 resentencing hearing constituted newly-discovered facts:

> THE COURT: I have one other question for you. These events took place with three other people …. None of which were under 18 …. Let's assume that you do get paroled. What do you say to these other three, because they aren't going anywhere?
>
> ERIK SURRATT: **Definitely because of my actions, because they didn't know – they didn't really know, because I didn't know what I was going to do once I got there.**

**Pro Se** PCRA petition, 6/18/19 at 5, ¶ 15, citing notes of testimony, 12/6/17 at 99-100 (emphasis added); **see also** Amended PCRA petition, 7/25/22 at unnumbered 5.

On August 26, 2021, Appellant retained his current PCRA counsel, Ryan H. James, Esq. (Attorney James). Attorney James filed an amended petition on Appellant's behalf on July 25, 2022. On September 7, 2022, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant did not file a

response to the PCRA court's Rule 907 notice. Thereafter, on October 12, 2022, the PCRA court dismissed Appellant's petition as untimely. This timely appeal followed on November 10, 2022.[1]

Appellant raises the following issue for our review:

I. Did the PCRA court err in determining that the evidence presented at Erik Surrat's resentencing hearing on April 19, 2019, did not constitute a newly-discovered fact that qualifies for an exception from the general time bar of the [PCRA] pursuant to 42 Pa.C.S.[A.] § 9543(a)(2)(ii)[?]

Appellant's brief at 4.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

---

[1] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This court has continually recognized that there is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa.Super. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

We must first consider the timeliness of Appellant's PCRA petition because it implicates the authority of this Court to grant any relief. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an Appellant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on June 28, 2011, 90 days after our Supreme Court denied Appellant's petition for allowance of appeal, and the time for filing a petition for writ of ***certiorari*** with the United States Supreme Court expired. ***See id.*** Accordingly, Appellant had until June 28, 2012 to file a timely PCRA petition. ***See id.*** at § 9545(b)(1). Appellant's instant petition was filed on June 18, 2019, nearly 7 years late, and is patently untimely, unless he can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, Appellant invokes the "newly-discovered facts" exception to the PCRA time-bar and argues that he is entitled to a new trial based upon

the fact that his co-defendant Eric Surratt testified at his December 6, 2017 resentencing hearing that Appellant and fellow co-defendant Ramone Coto "didn't know – they didn't really know, because [he] didn't know what [he] was going to do once [he] got [to the crime scene]." Appellant's brief at 13-16; *see also Pro se* PCRA petition, 6/18/19 at 5, ¶ 15. Appellant avers that he only learned of these "facts" on April 19, 2019, approximately two months before he filed his instant PCRA petition. Appellant's brief at 7.

The newly-discovered fact exception requires a petitioner to plead and prove two components: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted), *appeal denied*, 125 A.3d 1197 (Pa. 2015). The focus of the newly discovered fact exception is on "newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Reid*, 235 A.3d 1124, 1153 (Pa. 2020) (citation omitted).

Here, we find no error in the PCRA court's conclusion that Appellant has failed to satisfy the newly-discovered fact exception to the PCRA's time bar.

As recognized by the PCRA court, "[c]ontrary to Appellant's assertion that Surratt produced new facts that would have changed the outcome of the trial, [co-defendants Ramone] Coto, [Surratt] and Appellant herein were all in their own ways participants in the crime, with firsthand knowledge of their involvement and intentions." Trial court opinion, 2/16/23 at 6. The extent of Appellant's involvement or participation in the crime "is something that he alone has the unique knowledge." *Id.*

The record herein reflects that Surratt's testimony amounts only to Surratt being a 'new source' of facts that were previously known to Appellant. Surratt's nebulous comments, even if they are construed as him taking sole reasonality for the shooting, simply do not qualify as newly-discovered evidence because Appellant would have known well before trial that Surratt was the alleged, sole participant. Moreover, Surratt's comments do not in any way exonerate Appellant from being present at the house at the time of the shooting. Ballistic evidence introduced at trial established that the victims were struck by bullets from more than one firearm. Notes of testimony, 6/21, 6/25-26, 7/10-11/07 at 479-491, 498-499, 504. Additionally, Appellant's presence at the crime scene was further established by forensic testing that showed that his fingerprint and palm print were found on interior door of the house in question. Notes of testimony, 8/16-17/07 at 14-19.

Based on the foregoing, Appellant has clearly failed to demonstrate that his untimely petition satisfies the newly-discovered fact exception to the

statutory one year time-bar. Accordingly, we discern no error on the part of the PCRA court in dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/17/2023